UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

LEONEL MIRANDA MARTINEZ     PLAINTIFF

v.     CIVIL ACTION NO. 5:13-CV-P182-GNS

STEVE HILAND (DOCTOR) *et al.*     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon two motions by *pro se* Plaintiff Leonel Miranda Martinez to amend/supplement his complaint (DNs 63 & 65) and one motion for records (DN 73). The Court will address each of these in turn. For the following reasons, Plaintiff's motions will be denied.

**I. PROCEDURAL HISTORY**

Plaintiff, who is incarcerated at Kentucky State Penitentiary (KSP), has filed several 42 U.S.C. § 1983 actions against prison officials in this Court. He initiated this particular § 1983 action over three years ago on October 16, 2013, and then filed three motions to amend/supplement his complaint (DNs 6, 7, & 9). On April 29, 2014, this Court conducted its initial review of Plaintiff's complaint and three amended/supplemental complaints, and dismissed several claims, but allowed Plaintiff's § 1983 claims against Defendant Dr. Hiland for deliberate indifference to Plaintiff's back and ear conditions, retaliation, and discrimination based upon race, and certain state-law claims against Defendants Dr. Hiland, Warden White, and Dr. Haas to proceed (DN 14). On this same date, the Court entered a Scheduling Order which provided that discovery was due by September 12, 2014, and dispositive motions were due by November 12,

2014 (DN 16).  Defendants timely filed their summary judgment motions on July 25, 2014 (DN 27) and November 12, 2014 (DN 34).

Between November 10, 2014, and December 7, 2015, Plaintiff filed six additional motions to amend/supplement the complaint (DNs 33, 43, 54, 55, 57, & 58).  The Court considered each of these motions on their merits and determined that they should be denied because the amendment(s)/supplements(s) Plaintiff sought in each would be futile (DNs 47, 62, 71, 80, & 82).

## II. MOTIONS TO AMEND/SUPPLEMENT

Plaintiff filed the motions to amend/supplement the complaint that are now before the Court on June 2, 2016 (DN 63) and July 6, 2016 (DN 65).  In the first motion, Plaintiff alleges prison and/or medical officials at KSP wrongly charged him for treatment of his chronic illness (tinnitus) in violation of state policy and procedure and denied him appropriate care.  Plaintiff also alleges that prison officials violated his rights under the Americans with Disabilities Act (ADA).  In the second motion to amend, Plaintiff alleges that certain prison and/or medical officials at KSP have ignored his mental health needs and discriminated against him because of his race.  Plaintiff also summarily states that KSP officials have retaliated against him for filing this lawsuit and claims that grievances he has filed at KSP have been wrongly rejected.  In these motions, Plaintiff attempts to bring new claims against unidentified individuals and individuals who are not Defendants in this action.  He also seeks to bring claims based upon new legal theories, such as being charged for his medical care, for inadequate treatment of his mental health needs, and for violations of the ADA.

Rule 15 of the Federal Rules of Civil Procedure governs amendments and supplementation of pleadings.  Fed. R. Civ. P. 15.  Rule 15(a) authorizes a party to amend his

pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading, or 21 days after service of a dispositive motion under Rule 12, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A) and (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave," which courts are to freely give "when justice so requires." Fed. R. Civ. P. 15(a)(2). Consistent with this policy, the Sixth Circuit had held that a district court must consider the following factors when determining whether to grant or deny a motion to amend:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision.

*Richardson v. Rose Transp., Inc.*, 617 F. App'x 480, 486 (6th Cir. 2015) (quoting *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001)). *See also James Madison Project v. Dep't of Justice*, No. 15-1307 (RMC), 2016 U.S. Dist. LEXIS 129453, at *14 (D.D.C. Sept. 22, 2016) ("Where a defendant has filed a dispositive motion . . . and plaintiff has opposed it, denial of permission to amend is proper.") (citation omitted).

Rule 15(d), in turn, governs the submission of supplemental pleadings. This Rule provides that upon the motion of a party, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Supreme Court has ruled that "Rule 15(d) . . . plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary." *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 227 (1964) (footnote omitted). The standard for granting leave to supplement under Rule 15(d) is the same as the

standard governing leave to amend under Rule 15(a)(2). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002). Ultimately, however, "[t]he decision of whether to permit a supplemental pleading is within this Court's discretion." *Pew v. Harris*, No. 3:12-CV-1984, 2016 U.S. Dist. LEXIS 59909, at *5 (M.D. Pa. May 4, 2016), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 13157 (M.D. Pa. Aug. 24, 2016) (citing *Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1188-89 (3d Cir. 1979); *Burns v. Exxon Corp.*, 158 F.3d 336, 344 (5th Cir. 1998) (holding that district court did not abuse its discretion in denying leave to file supplemental complaint)). In every instance, the exercise of this discretion must be guided by the animating principle behind Rule 15(d), which is "to make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. at 227. For this reason, a court may deny a motion to supplement where it contains "a new legal theory, not just events that occurred after the complaint." *Koukios v. Ganson*, No. 99-4060, 2000 U.S. App. LEXIS 21040, at *5 (6th Cir. Aug. 11, 2000). In addition, leave to supplement may be denied if it would be fairer and more orderly to let the plaintiff raise the new claim(s) in another lawsuit. *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir. 2008).

Here, the Court finds that Plaintiff's proposed amendments/supplements would yield undue delay in the already delayed resolution of this action and be prejudicial to Defendants. As stated above, this action has been pending for over three years, and Defendants' motions for summary judgment were timely filed over two years ago. In addition, in the motions now before the Court, Plaintiff seeks to add new claims against non-Defendants. Given these circumstances, the Court's consideration of undue delay and prejudice deserves great weight, and these factors weigh heavily in denying the motions to amend/supplement. This is especially true where, as here, the parties have already completed discovery on the original claims and spent considerable

time and effort briefing summary judgment on the issues presented in the case. Indeed, in light of these circumstances, the Court finds that granting leave to file amended or supplemental complaints would be antithetical to the guiding principle which animates and informs the exercise of our discretion, which is "to make pleadings a means to achieve an orderly and fair administration of justice." Therefore, since the Court must always "apply Rule 15(d) in a manner aimed at securing the just, speedy, and inexpensive determination of every action," *CMR D.N. Corp. v. City of Philadelphia*, No. 07-1045, 2011 U.S. Dist. LEXIS 25387, at *12 (E.D. Pa. Mar. 11, 2011), the Court concludes that these motions should be denied because granting such would be unjust, cause undue delay, and needlessly increase the costs of litigation. *See, e.g.*, *Pew v. Harris*, No. 3:12-CV-1984, 2016 U.S. Dist. LEXIS 59909 (M.D. Pa. May 4, 2016), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 13157 (M.D. Pa. Aug. 24, 2016) (denying *pro se* plaintiff's motion to file a second amended/supplemental complaint where case had been pending for over four years and granting said motion would cause undue delay and be unfair to all parties). Plaintiff, of course, may raise his new claims in a separate § 1983 action.

### III. MOTION FOR RECORDS

Plaintiff filed his "motion to obtain records from K.S.P. medical" (DN 73) on August 4, 2016, almost two years after discovery closed. As stated in the Court's April 29, 2014, Scheduling Order, discovery was due by September 12, 2014, and dispositive motions were due by November 12, 2014 (DN 16). This Order further stated that "[i]f any party wishes additional time to complete any of the actions directed above, *a motion requesting any such extension must be filed with the Court before any such deadline expires.* Any such motion to extend any time should indicate the reasons for extension. *The Court will not grant an extension unless good cause is shown.*" *Id.* (emphasis added).

Plaintiff has not complied with the Court's Scheduling Order by moving to extend discovery before the deadline passed, or even argued that there is good cause for doing so. For this reason, and because two motions for summary judgments are already pending, the Court will deny Plaintiff's discovery motion. *See, e.g.*, *Chepak v. New York City Health & Hosp. Corp.*, No. 15-679, 2016 U.S. App. LEXIS 4850 (2d Cir. Mar. 17, 2016) (holding that district court did not abuse its discretion by denying *pro se* plaintiff's request to subpoena an individual because request was made months after discovery had closed and after a summary judgment motion was fully briefed); *Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) (ruling denial of motion to reopen discovery was not an abuse of discretion because the litigant had seven months to conduct discovery and a "fully briefed motion for summary judgment was pending when the request was made"); *Strayhorn v. Caruso*, No. 11-15216, 2015 U.S. Dist. LEXIS 1009, at *2-3 (E.D. Mich. Jan. 6, 2015) (quashing an untimely subpoena filed by plaintiff noting that under Fed. R. Civ. P. 45(c)(3)(A)(1), a court must quash or modify a subpoena that "fails to allow a reasonable time to comply"); *Thomas v. Northern*, No. 1:07-CV-114 CAS, 2008 U.S. Dist. LEXIS 45108 (E.D. Mo. June 9, 2008) (denying *pro se* plaintiff's motion to "issue a Discovery Order by Subpoena Dues Tecum" because discovery was closed, the court had already extended the discovery deadline once, and a motion for summary judgment was pending).

The Court also notes that Plaintiff appears to be seeking records through his motion which could be related to new and distinct claims against medical officials at KSP who are not Defendants in this action. To this extent, Plaintiff is reminded that such claims may be pursued in a separate § 1983 action.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motions to amend/supplement his complaint (DNs 63 & 65) and his motion for records from KSP (DN 73) are **DENIED**.

The Clerk of Court is **DIRECTED** to send Plaintiff a 42 U.S.C. § 1983 packet so that he may file a new action containing the allegations and claims set forth in these motions if he so chooses.

Date: March 8, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
 Counsel of Record
4416.011