## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**LEONEL MIRANDA MARTINEZ**                                                    **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 5:13-CV-P182-GNS**

**STEVE HILAND (DOCTOR)** *et al.*                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion for summary judgment by Defendant Dr. Scott Haas (DN 27). Fully briefed, this matter is ripe for decision. For the following reasons, the Court will grant Dr. Haas's motion for summary judgment.

### I. PROCEDURAL HISTORY

Plaintiff initiated this 42 U.S.C. § 1983 action against Defendants Kentucky State Penitentiary (KSP) Dr. Steve Hiland, KSP Warden Randy White, Kentucky Department of Corrections (KDOC) Dr. Scott Haas, and the Kentucky Board of Medical Licensure in 2013. On April 29, 2014, this Court conducted an initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismissed Plaintiff's claims against the Kentucky Board of Medical Licensure as barred by the Eleventh Amendment (DN 14). The Court, however, allowed Plaintiff's § 1983 claims against Dr. Hiland to proceed for deliberate indifference to serious medical needs, retaliation, and discrimination based upon race. The Court also allowed Plaintiff's state-law claims to proceed against Dr. Hiland for negligence, against Warden White for the negligent retention of Dr. Hiland, and against Dr. Haas for the negligent supervision of Dr. Hiland.

## II. FACTS

Plaintiff is an inmate at KSP. In this action, he complains about the medical treatment he received from Defendant Dr. Hiland at KSP. Dr. Haas served as the KDOC Medical Director from July 1, 2004, until January 12, 2011. As Medical Director, Dr. Haas was responsible for the oversight and administration of clinical services provided to inmates in the KDOC, including inmates at KSP. Plaintiff initiated this action in October 2013.

## III. LEGAL STANDARD

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence of the non-moving party is to be believed, *Id*. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Id.* at 586. Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere

existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. It is against this standard that the Court reviews the facts presented.

### IV. ANALYSIS

Dr. Haas argues that he is entitled to summary judgment for three reasons - because Plaintiff's negligent supervision claim is barred by Kentucky's one-year statute of limitations for personal injury and negligence claims, because Plaintiff cannot establish a negligent supervision claim against him, and because he is protected by qualified immunity. In Plaintiff's response to Dr. Haas's motion for summary judgment (DN 51), Plaintiff makes arguments that go to the merits of his negligent supervision claim, but he does not address whether the claim is barred by Kentucky's statute of limitations.

The Court agrees with Dr. Haas that Plaintiff's negligent supervision claim against him is barred by the Kentucky statute of limitations. Kentucky law provides that actions for "injury to the person of the plaintiff" and "negligence or malpractice" shall be commenced within one (1) year after the cause of action accrued. KRS § 413.140(1)(a),(e). *See also Ham v. Marshall Cty.*, No. 5:11-cv-11, 2012 U.S. Dist. LEXIS 167925, at *9-10 (W.D. Ky. Nov. 27, 2012) (holding negligent supervision claim barred by Kentucky's one-year statute of limitations). The affidavit submitted by Dr. Haas shows that he left the employment of the KDOC on Jan 12, 2011 (DN 28, Exh. A). A review of the complaint shows that Plaintiff certified that he filed his complaint on October 15, 2013.[1] Thus, because the evidence establishes that Dr. Haas had not supervised the

---

[1] Under the prisoner mailbox rule, a civil action is deemed filed on the date that it is deposited in the prison mail system for mailing. *See Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (holding that the mailbox rule "applies to civil complaints filed by pro se petitioners incarcerated at the time of filing").

3

care of inmates at KSP for over two years when Plaintiff initiated this action against him, the Court will grant summary judgment in favor of Dr. Haas.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Dr. Haas's motion for summary judgment (DN 27) is **GRANTED.**

Date:  April 25, 2017

**Greg N. Stivers, Judge
United States District Court**

cc: Plaintiff, *pro se*
 Counsel of Record
4416.011